WWR# 08112455

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>ANITA CARRINGTON<br>                        Debtor | Case No. 09-19499-JKF<br>Chapter 13 |
| CITIZENS BANK OF PENNSYLVANIA<br>                        Movant | **Hearing Date: 02/24/10**<br>**Hearing Time: 9:30 a.m.** |

### MOTION OF CITIZENS BANK OF PENNSYLVANIA FOR RELIEF FROM
### AUTOMATIC STAY PURSUANT TO 11 U.S.C. SECTION 362(d)

The Motion of Movant, by its attorney, Holly C. Thurman, respectfully represents:

1.      On December 10, 2009, Debtor filed a voluntary petition commencing a case under Chapter 13, Title 11, United States Code, and for the entry of an Order for Relief.

2.      Movant holds a valid security interest in the form of a Pennsylvania Closed-End Mortgage (the "Mortgage") on a certain residence owned and/or occupied by the Debtor known as 3600 Conshohocken Avenue, Unit 2011, Philadelphia, PA 19131 and as more particularly described in the Pennsylvania Closed-End Mortgage. A copy of said Pennsylvania Closed-End Mortgage showing Movant's interest is attached to this Motion as Exhibit "A".

3.      This is an action under 11 U.S.C. Section 362(d) to vacate or modify a stay granted under 11 U.S.C. Section 362(a) to permit foreclosure of the Mortgage and/or a Sheriff's Sale of the subject real property.

4.      At the time of the filing of this Motion, the Debtor owes Movant $2,738.54 in monthly post-petition payments, attorney's fees and court costs on account of defaulted monthly payments due December 14, 2009 and January 14, 2010.

5.      The payoff balance on the account as of January 27, 2010, is $109,394.63.

6.      The Movant does not have, nor has it been offered, adequate protection for its interest in the mortgaged property.

7.      That pursuant to the Debtor's Chapter 13 Plan, the Debtor is surrendering the mortgaged property to Movant.

8.      If Movant is not permitted to foreclose its security interest as hereinabove set forth, it will suffer

irreparable injury, loss and damage.


**WHEREFORE**, Movant prays that the stay pursuant to Section 362(a) of Title 11 United States Code be

modified to allow Movant execution process through and including, but not limited to, foreclosure and/or Sheriff's

Sale of the subject real property, and that it have such other relief as is just.


                                        WELTMAN, WEINBERG & REIS CO., L.P.A.


Date: 01/27/10                          BY: /s/ Holly C. Thurman
                                        HOLLY C. THURMAN, ESQUIRE
                                        1400 Koppers Building, 436 7th Avenue
                                        Pittsburgh, PA 15219
                                        (412) 434-7955  /  (412) 434-7959
                                        Attorney for Movant

 **Citizens Bank**

 

## MORTGAGE LOAN PROMISSORY NOTE AND DISCLOSURE STATEMENT

Borrower(s): ANITA B CARRINGTON

| Lender: | ☐ Citizens Bank of Massachusetts 28 State Street Boston, MA 02109 | ☐ Citizens Bank of Connecticut 63 Eugene O'Neill Drive New London, CT 06320 | ☒ Citizens Bank of Pennsylvania 1735 Market Street Philadelphia, PA 19103 |
| --- | --- | --- | --- |
| | ☐ Citizens Bank of Rhode Island 1 Citizens Plaza Providence, RI 02903 | ☐ Citizens Bank New Hampshire 875 Elm Street Manchester, NH 03101 | ☐ Citizens Bank 919 North Market Street Suite 200 Wilmington, DE 19801 |

**Principal Amount: $132,000.00**          **Interest Rate: 5.900 %**          **Date of Note: 11/08/2005**

In this Note, the words, "Borrower", "you," and "your" mean each and every person who signs this Agreement, including all Borrowers named above. The words "we, "us", "our" and "Lender" mean Citizens Bank of Massachusetts, Citizens Bank of Rhode Island, Citizens Bank of Connecticut, Citizens Bank New Hampshire, Citizens Bank of Pennsylvania, or Citizens Bank (our Delaware Bank), as indicated above, herein after referred to as "Citizens Bank".

FOR VALUE RECEIVED, the undersigned (jointly and severally if more than one) promise to pay to the above named Lender or order, the principal sum of $ 132,000.00     Dollars with interest at the rate of  5.900  % per annum, payable in  180  consecutive monthly installments of $ 1,106.77    each, and a final installment to include all principal and accrued interest, and late charges, insurance premiums and all other charges, if any.  The first such installment will be due on  12/14/2005  and the remaining installments on the same day of each month thereafter until paid in full.  All payments will be applied first to interest, then to insurance charges, if any, and then to principal, and any remaining amount to unpaid collection costs and late charges and any other charges you may owe.  The interest rate required by this section is the rate you will pay both before and after any default described in the default section.

**Finance Charge:** Interest on this Note is computed on a 365/366 simple interest basis.  First we apply the ratio of the annual interest rate over the number of days in a year (366 during leap years), multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding.

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate | FINANCE CHARGE The dollar amount the credit will cost you | Amount Financed The amount of credit provided to you or on your behalf | Total of Payments The amount you will have paid when you have made all payments as scheduled |
| --- | --- | --- | --- |
| 5.900 % | $67,218.60 | $132,000.00 | $199,218.60 |

**PAYMENT SCHEDULE:**

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | WHEN PAYMENTS ARE DUE | |
| --- | --- | --- | --- |
| | $ | Monthly beginning on | |
| 180 | $ 1,106.77 | Monthly beginning on | 12/14/2005 |

The payment schedule and "Total of Payments" scheduled above assume that all payments are made on the due date.  If payments are made late, the amount of interest payable hereunder will continue to accrue on the unpaid principal balance and the total interest hereunder will increase.

**PREPAYMENT:**     If you pay off the entire balance of your loan before the due date, you may be charged a penalty as follows:
      **MA (first lien):** If you pay off your loan within the first twelve (12) months of the date of the note, we may charge you, and you agree to pay us, a penalty equal to (a) the balance of the first year's interest, (b) three (3) months' interest as of the date of prepayment, or (c) $250, whichever is less.  If you refinance your loan with another institution within the first twenty-four (24) months of the date of the note, we may charge you, and you agree to pay us, a penalty of the lesser of a) three (3) months' interest as of the date of prepayment or (b) $250. *
      **CT (first lien), DE, MA (second lien), ME, NH, VT:** If you pay off your loan within two (2) years after the date of the note, we may charge you, and you agree to pay us, a penalty of $250. *
      **CT (second lien):** If you pay off your loan within two (2) years after the date of the note, we may charge you, and you agree to pay us, a penalty of the lesser of five percent (5%) of the principal balance that you prepay or $250. *
      **RI:** If you pay off your loan within the first year of the date of the loan, we may charge you, and you agree to pay us, a penalty lesser of a) 2% of the balance due at the date of payoff or b) $250.
      **NJ, PA:** If you pay off your loan before the due date, you will not have to pay a penalty.
*Assessment will be limited to the first 12 months of the loan if the term is five (5) years or less.

**LATE CHARGE:**     Your late fee will be calculated as follows, based on the state or commonwealth as indicated above:
      **MA:**     Your payment will be late if it is not received by us within **15 calendar days of the Payment Due Date shown above.**  If your payment is late, we may charge you 3.000% of the regularly scheduled payment of principal and interest.
      **CT and RI:** Your payment will be late if it is not received by us within **10 calendar days of the Payment Due Date shown above.**  If your payment is late, we may charge you 5.000% of the regularly scheduled payment of principal and interest, or $10.00, whichever is less.
      **NH:**     Your payment will be late if it is not received by us within **10 calendar days of the Payment Due Date shown above.**  If your payment is late we may charge you 7.000% of the regularly scheduled payment of principal and interest or $12.50, whichever is greater.
      **PA and DE:**  Your payment will be late if it is not received by us within **15 calendar days of the Payment Due Date shown above.**  If your payment is late, we may charge you 10.000% of the payment or $20.00, whichever is greater.
You will pay this late charge only once on any late payment.

PromNotePPP REV 04/05

**SECURITY:** You are giving a security interest in real estate located at
3600 CONSHOHOCKEN AVENUE UNIT 2011, PHILADELPHIA, PA 19131
in addition to Lender's security interest and other rights in your deposit accounts.

**ASSUMPTION:** Someone buying your home cannot assume the remainder of the mortgage on its original terms.

See other related contract documents for additional information about nonpayment, default, the right to accelerate the maturity of the obligation and security interests.

## ITEMIZATION OF THE AMOUNT FINANCED:

Itemization of the amount financed of ................................................................ $ 132,000.00

Amount given to you directly ........................................................................ $ 58.00 + ~ (ABU)

Prepaid Finance Charges ................................................................................ $

Amount(s) paid to others on your behalf:

| | | |
|---|---|---|
| TO WACHOVIA BANK NA/FTU | $ | 5,1 661.46 |
| TO WELLS FARGO HOME MORTG | $ 58,242.00 | |
| TO | $ 75,720.00 | 76,509.99 |
| TO | $ | |
| TO | $ | |
| TO | $ | |
| TO | $ | |
| TO | $ | |
| TO | $ | |
| TO | $ | |
| TO | $ | |
| TO | $ | |
| TO | $ | |
| TO | $ | |
| TO | $ | |
| TO | $ | |
| TO INSURANCE COMPANY | $ 0.00 | |
| TO Settlement Fees | $ 0.00 | |

**COLLATERAL:** In addition to the protections given to the Lender under this Note, this Note is secured by a Mortgage dated **11/08/2005**, to Lender on real property located in **PHILADELPHIA** County, State of **PA** , all the terms and conditions of which are hereby incorporated and made a part of this Note.

**DEFAULT:** You will be in default if any of the following events happens:

(a) You fail to make a payment when it is due under this Note or any other loan you may have with Citizens Bank.

(b) You have made any false or misleading statement(s) in your application for this Note or any other loan you may have with Citizens Bank, or there is a material adverse change in your financial condition.

(c) An assignment has been made for the benefit of your creditors or an entry of judgement has been made against you, or someone tries to take or attach any of the collateral.

(d) You fail to comply fully with any term or condition of this Note or any other loan or agreement you may have with Citizens Bank.

(e) You die or become insolvent, a receiver is appointed for any part of your property, or any proceeding is commenced either by you or against you under any bankruptcy or insolvency laws.

**COLLECTION COSTS:** If you fail to abide by any of the terms of this Note, and if we are permitted to do so by applicable law, we may hire or pay someone else to help collect on the Note. You will pay all reasonable collection costs, including reasonable attorney's fees incurred by us in the collection of amounts due under this Note as permitted by applicable law. This includes, subject to any limits under applicable law, our legal expenses whether or not there is a lawsuit and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay of injunction), appeals, and any anticipated post-judgement collection services. In **New Hampshire**, if, but only if, by applicable law, we are permitted to collect attorneys fees from you as part of our costs of collecting any amounts due under this Note, then you, to the extent required by New Hampshire Revised Statutes Annotated Chapter 361-C, as amended, shall be entitled to reasonable attorney's fees if you prevail in (a) any action, suit or proceeding brought by us, or (b) any action brought by you. If you successfully assert a partial defense or setoff, recoupment or counterclaim to any action brought by us, the court may withhold from us the entire amount or such portion of the attorney's fees as the court considers equitable.

**OFFSETTING DEPOSIT ACCOUNT:** Unless prohibited by applicable law, we may apply money from any of your deposit accounts with us, or our affiliates, now or in the future, to pay all or a portion of any amount overdue under this Note. We may use this right of offset without giving you notice, unless otherwise required by applicable law.

**UNIFORM SECURED NOTE:** This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if you do not keep the promises which you make in this Note. That Security Instrument describes how and under what conditions you may be required to make immediate payment in full of all amounts you owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**PAYMENTS:** All payments must be made by a check, money order, or other instrument in U.S. dollars and may be mailed or made at any Citizens Bank office during regular banking hours. Payments sent by mail must be mailed early enough to insure receipt by us on the Payment Due Date. Inquiries and payments may be directed to:

> Citizens Bank
> Consumer Finance Operations
> 1 Citizens Drive
> Riverside, RI 02915
> 1-800-922-9999

**PREPAYMENT:** If you pay off the entire balance of your loan before the due date, you may be charged a penalty as follows:

**MA (first lien):** If you pay off your loan within the first twelve (12) months of the date of the note, we may charge you, and you agree to pay us, a penalty equal to (a) the balance of the first year's interest, (b) three (3) months' interest as of the date of prepayment, or (c) $250, whichever is less. If you refinance your loan with another institution within the first twenty-four (24) months of the date of the note, we may charge you, and you agree to pay us, a penalty of the lesser of a) three (3) months' interest as of the date of prepayment or (b) $250. *

**CT (first lien), DE, MA (second lien), ME, NH, VT:** If you pay off your loan within two (2) years after the date of the note, we may charge you, and you agree to pay us, a penalty of $250. *

**CT (second lien):** If you pay off your loan within two (2) years after the date of the note, we may charge you, and you agree to pay us, a penalty of the lesser of five percent (5%) of the principal balance that you prepay or $250. *

**RI:** If you pay off your loan within the first year of the date of the loan, we may charge you, and you agree to pay us, a penalty lesser of a) 2% of the balance due at the date of payoff or b) $250.

**NJ, PA:** If you pay off your loan before the due date, you will not have to pay a penalty.

*Assessment will be limited to the first 12 months of the loan if the term is five (5) years or less.

**LATE CHARGE:** Your late fee will be calculated as follows, based on the state or commonwealth as indicated above:

    **MA:** Your payment will be late if it is not received by us within **15 calendar days of the Payment Due Date shown above.** If your payment is late, we may charge you 3.000% of the regularly scheduled payment of principal and interest.

    **CT and RI:** Your payment will be late if it is not received by us within **10 calendar days of the Payment Due Date shown above.** If your payment is late, we may charge you 5.000% of the regularly scheduled payment of principal and interest, or $10.00, whichever is less.

    **NH:** Your payment will be late if it is not received by us within **10 calendar days of the Payment Due Date shown above.** If your payment is late we may charge you 7.000% of the regularly scheduled payment of principal and interest or $12.50, whichever is greater.

    **PA and DE:** Your payment will be late if it is not received by us within **15 calendar days of the Payment Due Date shown above.** If your payment is late, we may charge you 10.000% of the payment or $20.00, whichever is greater.

You will pay this late charge only once on any late payment.

**DOCUMENTATION:** You agree to execute or re-execute any document that we request in order to correct any error or omission in the original Promissory Note, Mortgage, or other loan related documents, including, but not limited to, Confirmatory or Corrective Mortgages.

**MISCELLANEOUS:** Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. You and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, protest and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan, or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made.

**GOVERNING LAW: This Note is governed by federal law and by the laws of the state or commonwealth, as indicated above: The Commonwealth of Massachusetts, the State of Rhode Island, the State of Connecticut, the State of New Hampshire, the Commonwealth of Pennsylvania, or the State of Delaware. To the extent that federal law preempts state law, this Note is governed by federal law. If any provision of this Note conflicts with any existing or future law, it shall be deemed modified to the extent necessary to comply with such law and the validity of the remaining terms shall not be affected.**

**If you are a Maryland resident, this Note is governed by federal law and by the laws of the state or commonwealth in which the bank is located, except that to the extent, but only to such extent, that this Note is not governed by the laws of the state or commonwealth in which the bank is located, the provisions of Sections 12-1001 et seq. (Credit Grantor Closed End Credit Provisions) of the Commercial Law Article of the Annotated Code of Maryland shall apply.**

**The undersigned acknowledges that before signing this Note that all blank spaces were completed, that the undersigned had read this Note, fully understand its provisions and approves the terms and conditions set forth herein, and that the undersigned has received a copy of this Note as so completed.**

**INSURANCE:** You may obtain property insurance from anyone that is acceptable to the Lender. If your collateral property is located in a designated Flood Zone, you must also maintain adequate flood insurance on the property.

If any required insurance on the Collateral expires or is canceled and you fail to purchase and maintain such required insurance, the Lender may (but is not required to, except in the case of required flood insurance) purchase insurance on the Collateral and either: (i) add the cost of the insurance to the unpaid principal balance you owe under this Note (in which case you agree to repay the cost of the insurance in accordance with the repayment terms of this Note), or (ii) bill you separately (in which case you agree to pay the bill immediately). In either case, the amounts you owe for the insurance premiums will accrue interest at the interest rate provided in this Note until repaid in full. You understand and acknowledge that any insurance obtained and maintained by the Lender may (i) only protect the interests of the Lender and any other creditor with a prior mortgage on the Property, and (ii) be more expensive than insurance obtained and maintained by the Borrower.

You, the undersigned, certify that you have insured the property described in the section entitled "SECURITY" on Page 1 of this Note, against loss by fire in the amount sufficient to cover this lien and all superior liens, and that the policy includes extended coverage and has a standard mortgagee clause making loss payable to Citizens as its interest may appear.

You agree it is your responsibility to keep the premises as identified in the section entitled "SECURITY" on Page 1 of this Note, insured in an amount at least equal to the replacement cost of any buildings on the above property, and until this Note is paid in full.

You understand that you may purchase any required insurance through any duly licensed insurance agent and insurance company that is reasonably acceptable to us. You are not required to deal with any of our affiliates when choosing an insurance agent or insurance company. Your choice of a particular insurance agent or insurance company will not affect our credit decision, so long as the insurance provides adequate coverage with an insurer that meets our reasonable requirements.

All documents related to insurance for this loan should be mailed to the following address:
    Citizens Bank, Consumer Finance Operations
    1 Citizens Drive
    Riverside, RI 02915
    (800)708-6680

**You acknowledge** that any payoff amounts referenced in the Itemization of Amount Financed section of this Note and the HUD1-A form were estimates based on the balances listed on your credit bureau report(s). By signing below, you authorize all handwritten changes, made both to the payoff figures in this Note and the HUD1-A form, and confirm that these changes accurately reflect the payoff figures you provided at closing.

**You acknowledge** that you received and read, as applicable, the Home Equity disclosure statements provided to you during the application process, which include *When Your Home is On the Line, Servicing Disclosure Statement, Good Faith Estimate, Right to Receive a Copy of an Appraisal, Citizens' Pledge Regarding the Responsible Use and Protection of Customer Information,* for **MA** residents only, *Massachusetts Mortgage Loan Disclosure, Uniform Mortgage Loan Cost Worksheet, Consumer Guide to Obtaining a Mortgage,* for **CT** residents only, *Mortgagor's Right to Counsel,* for **RI** residents only, *Choice of Title Attorney Disclosure,* for **NJ** residents only, *Right to Own Counsel Disclosure* and for **MD** residents only, *Processing your Loan Application, Settlement Services.*

If there is more than one signer below, it is my/our intention that this account be a joint account.

**You acknowledge** that with your application, you provided your consent to us to check your employment and credit history with any source and to answer questions about your credit experience with us.

**NOTICE TO NEW JERSEY BORROWERS: READ THIS NOTE BEFORE YOU SIGN. DO NOT SIGN THIS NOTE IF IT CONTAINS BLANK SPACES. THE NOTE IS SECURED BY A SECONDARY MORTGAGE ON YOUR REAL PROPERTY.**

**SIGNATURES:**

*Anita B. Carrington*
ANITA B CARRINGTON

**Prepared By:**
**Citizens Bank**
**Beth Romano**
**Retail Lending Services**
**480 Jefferson Boulevard**
**Warwick, RI 02886**
**1-800-894-4619**



**51338465**
**Page: 1 of 11**
12/15/2005 10:00AM

This Document Recorded
12/15/2005
10:00AM
Doc Code: M        Commissioner of Records, City of Philadelphia

Doc Id: 51338465
Receipt #: 461735
Rec Fee: 126.50

When recorded mail to:
LSI - North Recording Division
5029 Dudley Blvd
McClellan, CA 95652
(800) 964-3524

**Parcel ID#** 888520664

**Collateral Address:**
3600 CONSHOHOCKEN AVENUE UNIT 2011,
PHILADELPHIA, 19131



**PENNSYLVANIA**
**CLOSED-END MORTGAGE**

**THIS MORTGAGE** is given on 11/08/2005 .
The mortgagor is

ANITA B CARRINGTON

Page 1



LSI





PACLOSED
REV 07/05

This Mortgage is given to  Citizens Bank of Pennsylvania          , whose address is
1735 Market Street, Philadelphia, PA 19103                        ("Lender") or its successors or
assignees.

In this Mortgage, the terms "you," "your" and "yours" refer to the mortgagor(s). The terms "we," "us"
and "our" refer to the Lender. You owe us the principal sum of  $  132,000.00
Dollars. This debt is evidenced by your note ("Note") dated the same date as this Mortgage, which
provides for monthly payments, with the full debt, if not paid earlier, due and payable on      11/14/2020

This Mortgage secures to us: (a) the repayment of the debt evidenced by the Note, with interest, and all
renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest,
advanced under this Mortgage to protect the security of this Mortgage; and (c) the performance of your
covenants and agreements under this Mortgage and the Note. For this purpose, you hereby mortgage,
grant and convey to us and our successors and assigns the property located in PHILADELPHIA
County, Pennsylvania, and more fully described in  Exhibit A, which is attached hereto and made a part
hereof, which property has the address of

3600 CONSHOHOCKEN AVENUE UNIT 2011,                              ("Property Address");
PHILADELPHIA,   19131  BAH

    **TOGETHER WITH** all the improvements now or hereafter erected on the property, and all
easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and
additions shall also be covered by this Mortgage. All of the foregoing is referred to in this Mortgage as
the "Property".

**YOU COVENANT** that you are lawfully seized of the estate hereby conveyed and have the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. You warrant and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

      **YOU AND WE** covenant and agree as follows:

      **1.**     **Payment of Principal, Interest and Other Charges.** You shall pay when due the principal of and interest owing under the Note and all other charges due under the Note.

      **2.**     **Payments of Taxes and Insurance.** You will pay, when due, all taxes, assessments, leasehold payments or ground rents (if any), and hazard insurance on the Property and mortgage insurance (if any). We specifically reserve to ourselves and our successors and assigns the unilateral right to require that you pay to us on the day monthly payments are due an amount equal to one-twelfth (1/12) of the yearly taxes, and assessments (including condomimium and planned unit development assessments, if any) which may attain priority over this Mortgage and ground rents on the Property, if any, plus one-twelfth (1/12) of yearly premium installments for hazard and mortgage insurance, all as we reasonably estimate initially and from time to time, as allowed by and in acordance with applicable law.

      **3.**     **Application of Payments.** Unless applicable law provides otherwise, all payments received by us under the Note and Section 1 will be applied by us as permitted under the Note.

      **4.**     **Prior Mortgages; Charges; Liens.** You shall perform all of your obligations under any mortgage, deed of trust or other security instruments with a lien which has priority over this Mortgage, including your covenants to make payments when due. You shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Mortgage, and leasehold payments or ground rents, if any. Upon our request, you shall promptly furnish to us all notices of amounts to be paid under this paragraph and receipts evidencing any such payments you make directly. You shall promptly discharge any lien (other than a lien disclosed to us in your application or in any title report we obtained) which has priority over this Mortgage.

      **5.**     **Hazard Insurance.** You shall keep the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which we require insurance. This insurance shall be maintained in the amounts and for the periods that we require. You may choose any insurer reasonably acceptable to us and shall include a standard mortgagee clause. If we require, you shall promptly give us all receipts of paid premiums and renewal notices.

If you fail to maintain coverage as required in this section, you authorize us to obtain such coverage as we in our sole discretion determine appropriate to protect our interest in the Property in accordance with the provisions in Section 7. You understand and agree that any coverage we purchase may cover only our interest in the Property and may not cover your interest in the Property or any personal property therein. You also understand and agree that the premium for any such insurance may be higher than the premium you would pay for such insurance.

Page 3

You shall promptly notify the insurer and us of any loss. We may make proof of loss if you do not promptly do so. We may also, at our option and on your behalf, adjust and compromise any claims under the insurance, give releases or acquittances to the insurance company in connection with the settlement of any claim and collect and receive insurance proceeds. You appoint us as your attorney-in-fact to do all of the foregoing, which appointment you understand and agree is irrevocable, coupled with an interest with full power of substitution and shall not be affected by your subsequent disability or incompetence.

Insurance proceeds shall be applied to restore or repair the Property damaged, if restoration or repair is economically feasible and our security would not be lessened. Otherwise insurance proceeds shall be applied to sums secured by this Mortgage, whether or not then due, with any excess paid to you. If you abandon the Property, or do not answer within 30 days our notice to you that the insurer has offered to settle a claim, then we may collect and use the proceeds to repair or restore the Property or to pay sums secured by this Mortgage, whether or not then due. The 30-day period will begin when notice is given. Any application of proceeds to principal shall not require us to extend or postpone the due date of monthly payments. If we acquire the Property at a forced sale following your default, your right to any insurance proceeds resulting from damage to the Property prior to the acquisition shall pass to us to the extent of the sums secured by this Mortgage immediately prior to the acquisition.

You shall not permit any condition to exist on the Property which would, in any way, invalidate the insurance coverage on the Property.

      **6.**    **Preservation, Maintenance and Protection of the Property; Leaseholds.** You shall not destroy, damage or substantially change the Property, allow the Property to deteriorate, or commit waste. If this Mortgage is on a leasehold, you shall comply with the lease. If you acquire fee title to the Property, the leasehold and fee title shall not merge unless we agree to the merger in writing.

      **7.**    **Protection of Our Rights in the Property; Mortgage Insurance.** If you fail to perform the covenants and agreements contained in this Mortgage, or there is a legal proceeding that may significantly affect our rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then we may do, and pay for, anything necessary to protect the Property's value and our rights in the Property. Our actions may include paying any sums secured by a lien which has priority over this Mortgage or any advance under the Note or this Mortgage, appearing in court, paying reasonable attorney's fees, paying any sums which you are required to pay under this Mortgage and entering on the Property to make repairs. We do not have to take any action we are permitted to take under this paragraph. Any amounts we pay under this paragraph shall become additional debts you owe us and shall be secured by this Mortgage. These amounts shall bear interest from the disbursement date at the rate established under the Note and shall be payable, with interest, upon our request. If we required mortgage insurance as a condition of making the loan secured by this Mortgage, you shall pay the premiums for such insurance until such time as the requirement for the insurance terminates.

Page 4

**8.    Inspection.** We may make entries in and upon the Property to inspect same at any reasonable time and upon reasonable notice.

**9.    Condemnation.** The proceeds of any award for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to us. If the Property is abandoned, or if, after notice by us to you that the condemnor offers to make an award or settle a claim for damages, you fail to respond to us within 30 days after the date the notice is given, we are authorized to collect and apply the proceeds, at our option, either to restoration or repair of the Property or to the sums secured by this Mortgage, whether or not then due. Unless we and you otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments payable under the Note and paragraph 1 or change the amount of such payments.

**10.    You Are Not Released; Forbearance by Us Not a Waiver.** Extension of time for payment or modification of amortization of the sums secured by this Mortgage granted by us to any of your successors in interest shall not operate to release your liability or the liability of your successors in interest. We shall not be required to commence proceedings against any successor in interest, refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by you or your successors in interest. Our forbearance in exercising any right or remedy shall not waive or preclude the exercise of any right or remedy.

**11.    Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Mortgage shall bind and benefit your successors and permitted assigns. Your covenants and agreements shall be joint and several. Anyone who co-signs this Mortgage but does not execute the Note: (a) is co-signing this Mortgage only to mortgage, grant and convey such person's interest in the Property; (b) is not personally obligated to pay the Note, but is obligated to pay all other sums secured by this Mortgage; and (c) agrees that we and anyone else who signs this Mortgage may agree to extend, modify, forbear or make any accommodations regarding the terms of this Mortgage or the Note without such person's consent.

**12.    Loan Charges.** If the loan secured by this Mortgage is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from you which exceed permitted limits will be refunded to you. We may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to you. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

**13.    Notices.** Unless otherwise required by law, any notice to you provided for in this Mortgage shall be delivered or mailed by first class mail to the Property Address or any other address you designate by notice to us. Unless otherwise required by law, any notice to us shall be given by first class mail to our address stated above or any other address we designate by notice to you.

Page 5

**14.** **Governing Law; Severability.** The extension of credit secured by this Mortgage is governed by federal law, which for the purposes of 12 USC Section 85 incorporates Pennsylvania law. However, the interpretation and enforcement of this Mortgage shall be governed by the law of the jurisdiction in which the Property is located, except as preempted by federal law. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision. To this end the provisions of this Mortgage and the Note are declared to be severable.

**15.** **Transfer of the Property.** If all or any part of the Property or any interest in it is sold or transferred without our prior written consent, we may, at our option, require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by us if exercise is prohibited by federal law as of the date of this Mortgage.

**16.** **Sale of Agreement; Change of Loan Servicer.** The Note or a partial interest in the Note (together with this Mortgage) may be sold one or more times without prior notice to you. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Mortgage. There also may be one or more changes of the Loan Servicer unrelated to the sale of the Note. If there is a change of the Loan Servicer, you will be given written notice of the change as required by applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any information required by applicable law.

**17.** **Hazardous Substances.** You shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. You shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of Hazardous Substances in quantities that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property. You shall promptly give us written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which you have actual knowledge. If you learn or are notified by any government or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, you shall promptly take all necessary remedial actions in accordance with Environmental Law. As used in this Mortgage, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this Mortgage, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

18. **Acceleration; Remedies.** We shall give you notice prior to acceleration following your breach of any covenant or agreement in this Mortgage (but not prior to acceleration under Section 15 unless applicable law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) when the default must be cured; and (d) that failure to cure the default as specified may result in acceleration of the sums secured by this Mortgage, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform you of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense you may have to acceleration and foreclosure. If the default is not cured as specified, we may, at our option, require immediate payment in full of all sums secured by this Mortgage without further demand and may foreclose this Mortgage by judicial proceeding. We shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 18, including, but not limited to, reasonable attorneys' fees as permitted by applicable law and costs of title evidence to the extent permitted by applicable law.

19. **Discontinuance of Enforcement.** Notwithstanding our acceleration of the sums secured by this Mortgage under the provisions of Section 18, we may, in our sole discretion and upon such conditions as we in our sole discretion determine, discontinue any proceedings begun to enforce the terms of this Mortgage.

20. **Release.** Upon payment of all sums secured by this Mortgage, we shall discharge and satisfy this mortgage without charge to you. You shall pay any recordation costs.

21. **Additional Charges.** You agree to pay reasonable charges as allowed by law in connection with the servicing of this loan including, without limitation, the costs of obtaining tax searches and subordinations. Provided, however, that nothing contained in this section is intended to create and shall not be construed to create any duty or obligation by us to perform any such act, or to execute or consent to any such transaction or matter, except a release of the Mortgage upon full repayment of all sums secured thereby.

22. **Waivers.** You, to the extent permitted by applicable law, waive and release any error or defect in proceeding to enforce this Mortgage, and hereby waive the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale, and homestead exemption. No waiver by us at any time of any term, provision or covenant contained in this Mortgage or in the Note secured hereby shall be deemed to be or construed as a waiver of any other term, provision or covenant or of the same term, provision of covenant at any other time.

23. **Reinstatement Period.** Your time to reinstate provided in Section 18 shall extend to one hour prior to the commencement of bidding at a sheriff's sale or other sale pursuant to this Mortgage.

24. **Purchase Money Mortgage.** If any of the debt secured by this Mortgage is lent to you to acquire title to the Property, this Mortgage shall be a purchase money mortgage.

Page 7

**25. Interest Rate After Judgment.** You agree that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate payable from time to time under the Note.

**BY SIGNING BELOW,** you accept and agree to the terms and covenants contained in this Mortgage and executed by you..

Signed, sealed and delivered in the presence of:

_Anita B. Carrington_
ANITA B. CARRINGTON

Page 8

## CERTIFICATE OF RESIDENCE OF MORTGAGEE

    I do hereby certify that the precise address and principal place of business of the within named mortgagee is: 1735 Market Street, Philadelphia, PA 19103

Citizens Bank of Pennsylvania

By:
Name:
Title:

## INDIVIDUAL ACKNOWLEDGMENT

STATE OR COMMONWEALTH OF _Pennsylvania_ )
                                               )SS:

COUNTY OF _Philadelphia_ )

On the _8th_ day of _November_, _2005_,
before me appeared

## ANITA B CARRINGTON

to me personally known to be the person(s) whose name(s) is/are
subscribed to this instrument, and such person(s) acknowledged that
he/she/they (i) executed the same for the purposes therein contained,
and (ii) executed this instrument as their free act and deed.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

(Official Seal)

_____
                          **Notary Public**

**Notarial Seal**

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Ethel Myers, Notary Public
City Of Philadelphia, Philadelphia County
My Commission Expires July 13, 2008
Member, Pennsylvania Association Of Notaries

Attention Registry of Deeds/Town or City Clerk:

    Citizens Bank
    Consumer Finance Operations - RJW215
    1 Citizens Drive                 ACKPA 4/05
    Riverside, RI 02915

**Customer Name**: Anita B. Carrington                          **Order Number:** ▓773

# Exhibit "A"

**Customer Reference:**

The Real Property located in the City of PHILADELPHIA, County of PHILADELPHIA, State of PA.

Land referred to in this report is described as all that certain property situated in the City of Philadelphia, in the County of Philadelphia, and State of Pennsylvania, and being described in a Deed dated 8/15/01, and recorded 9/18/01 among the land records of the county and state as set forth above and referenced as follows: Instrument No. 50325295.

Being further described as:

All that certain unit in the property, named and identified as River Park House, a Condominium, located in the 52nd Ward of the City of Philadelphia, County of Philadelphia, Commonwealth of Pennsylvania, which as heretofore been submitted to the provisions of the Uniform Condominium Act, 68 PA. C.S. Sec. 3101 et seq by the recording in the Philadelphia Department of Records of a Declaration dated 2/17/1981 and recorded on 2/19/1981 in Deed Book EFP 149 Page 102 First Amendment to Declaration dated 6/25/1981 and recorded on 6/26/1981 in Deed Book EFP 239 Page 28 Second Amendment to Declaration dated 12/28/1982 and recorded 12/31/1982 in Deed Book EFP 633 Page 472 and the Third Amendment to Declaration dated 8/2/1988 and recorded 3/21/1989 in Deed Book FHS 1313 Page 544, being and designated as Unit No. 2011, together with a proportionate undivided interest in the Common Elements (as defined in such Declaration) of .3233%.

Property address ordered as 36  Conshohocken Av Unit 2011, Philadelphia, Pa 19131

**APN:  888520664**

**End of Description**

WARD#-52

(BAH)

WWR# 08112455

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Case No. 09-19499-JKF |
| ANITA CARRINGTON | Chapter 13 |
| Debtor | |
| | **Hearing Date: 02/24/10** |
| CITIZENS BANK OF PENNSYLVANIA | **Hearing Time: 9:30 a.m.** |
| Movant | |

### CERTIFICATE OF SERVICE

I, Holly C. Thurman, Esquire, attorney for Movant, do hereby certify that true and correct copies of the

Motion for Relief from the Automatic Stay, with copies of the Notice of Motion, Response Deadline and Hearing

Date relating thereto, have been served on the 27th day of January, 2010, by electronic mail, upon those listed

below:

United States Trustee, 833 Chestnut Street, Suite 500, Philadelphia, PA 19107

Anita Carrington, 3600 Conshohocken Avenue, Unit 505, Philadelphia, PA 19131

Michael A. Cibik, 1500 Walnut Street, Suite 900, Philadelphia, PA 19102

William C. Miller, 111 S. Independence Mall, Suite 583, Philadelphia, PA 19106

WELTMAN, WEINBERG & REIS CO., L.P.A.

BY: /s/ Holly C. Thurman
HOLLY C. THURMAN, ESQUIRE
1400 Koppers Building, 436 7th Avenue
Pittsburgh, PA 15219
(412) 434-7955  /  (412) 434-7959
Attorney for Movant

WWR# 08112455

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:

ANITA CARRINGTON

                Debtor

CITIZENS BANK OF PENNSYLVANIA

                Movant

Case No. 09-19499-JKF

Chapter 13

**Hearing Date: 02/24/10**
**Hearing Time: 9:30 a.m.**

## ORDER

         AND NOW, this ___ day of _____, 2010, upon certification of no response by counsel of Movant, Citizens Bank of Pennsylvania, it is ORDERED and DECREED that Movant is granted Relief from the Automatic Stay and has leave to proceed with execution process through, among other remedies, but not limited to, foreclosure and/or Sheriff's Sale regarding the following premises: 3600 Conshohocken Avenue, Unit 2011, Philadelphia, PA 19131.

_____

HON. JEAN K. FITZSIMON
UNITED STATES BANKRUPTCY JUDGE

CC:

Movant's Counsel
Holly C. Thurman, 1400 Koppers Building, 436 7th Avenue, Pittsburgh, PA 15219

Debtor:
Anita Carrington, 3600 Conshohocken Avenue, Unit 505, Philadelphia, PA 19131

Debtor's Counsel:
Michael A. Cibik, 1500 Walnut Street, Suite 900, Philadelphia, PA 19102

Chapter 13 Trustee:
William C. Miller, 111 S. Independence Mall, Suite 583, Philadelphia, PA 19106

United States Trustee:
Office of the U.S. Trustee, 833 Chestnut St., Suite 500, Philadelphia, PA 19107